FARMERS LOAN & TRUST COMPANY, Appellant, v. THE TOWN OF FONDA, IOWA, AND THE TOWN COUNCIL OF SAID TOWN, Sitting as a Board of Review.

**Taxation:** TAXATION DISTRICTS: *Assets of branch bank.* Under
1 Code, section 1317, providing that the personalty, moneys and credits connected with or growing out of all business transacted directly or indirectly by or through the servants, employes, or agents of any bank having an officer or agency for the transaction of business in more than one assessment district where said business is done, notes taken by a branch bank in the ordinary course of business, and which were held as part of the assets, are taxable in the district where such bank is located, though they have been transferred and credited by the parent institution to another branch bank.

REVIEW IN DISTRICT COURT. Under Code, section 1373, providing that
2 any person aggrieved by a tax assessment may make complaint thereof to the board of review, from which appeals may be taken with reference to such complaints to the district court, such court is authorized to determine only the correctness of the assessment with reference to the complaints made, and hence cannot increase the appellant's assessment.

FAILURE TO MAKE TIMELY RETURN: *Penalties.* Under Code, section 1357, providing that if any person or corporation shall refuse

to furnish the verified statement required, or to list his property for taxation, the assessor shall proceed to list and assess such property, and shall add to the taxable valuation 100 per cent. thereof, the penalty for the failure and refusal of the proper officer of a branch bank to make return to the assessor before his books are closed and placed before the board of review, cannot be avoided by making return thereafter.

*Appeal from Pocahontas District Court.*—Hon. F. H. Helsell, Judge.

Friday, October 18, 1901.

The proceeding in the lower court was an appeal from the action of the board of review of the town of Fonda in fixing an assessment for taxes against appellant for the year 1898. The lower court increased plaintiff's assessment, and plaintiff appeals.—*Modified.*

*M. J. Sweeley* and *Lot Thomas* for appellant.

*Healy & Healy* for appellees.

McClain, J.—Plaintiff is engaged in doing a banking business, loaning money and dealing in real estate, and its principal place of business is Sioux City. As a part of its business it conducts branch banks at Fonda and other places in the state. Prior to the adoption of the present Code it was taxed at its principal place of business, on its entire business, whether conducted there or at its various branches, and its branches were not taxed in the localities where they were situated. After the adoption of the present Code, however, the authorities of the town of Fonda, relying on the provisions of section 1317, assessed plaintiff for taxation on the basis of a private banker, with reference to the moneys and credits, less deposits and debts owing by such branch, as authorized by Code, section 1321, providing for the taxation of private bankers; and on account of the alleged refusal of the agent in charge to make any return to the assessor on account of the branch bank the

board of review added 100 per cent. to the assessable value
of its property, as provided by Code, section 1357. Appel-
lant contends that the action of the board of review in fixing
the value of the money and credits of the branch at Fonda,
after deducting therefrom the amount of deposits and debts
which it owed, was erroneous, claiming that on the first
day of January, 1898, its deposits exceeded the amount of the
notes held by it for money loaned and other credits. It appears,
however, from the evidence, that in the latter part of De-
cember, 1897, nearly $50,000 of notes which had been taken
in the usual course of business by the branch at Fonda, and
which had been held by it as a part of its assets, were, by
the action of the president of the parent institution at Sioux
City, transferred to another bank, of which he was also
president, and subsequently again transferred to the Remsen
branch of the plaintiff bank, with the view of increasing
the money and credits of the Remsen branch, where the de-
posits already exceed the total of moneys and credits. We
do not think that appellant could by any such transaction
affect the liability to taxation of the Fonda branch. The
statutory provision is that "The personalty, moneys and
credits connected with or growing out of all business trans-
acted directly or indirectly by or through the servants, em-
ployes or agents of any person, firm or corporation engaged
in the banking business, having an office or agency in more
than one assessment district for the transaction of business,
shall be taxable as provided in this chapter for the taxing
of private banks and bankers, in the assessment district
where said branch business is done." Code, section 1317.
The only result of the transferring of these notes was to
leave the Fonda branch with a larger credit on the books
of the parent institution, corresponding to the value of the
notes thus transferred. The amount of its total credits, count-
ing notes as credits, was substantially the same after the
first of January as it was before the transfer of
these notes. Appellant contends that the credit in

favor of the Fonda branch on the books of the parent institution was a mere matter of bookkeeping, and should not have been taken into account in determining the moneys and credits of the Fonda branch, but it was made up of the proceeds of the business at Fonda, and was clearly a credit growing out of the business transacted by the Fonda branch, within the language of the statute. The same may be said of the portion of appellant's deposits in a Chicago bank, which, as shown by the books of the appellant, was the result of the deposits from the business done at Fonda. The statute evidently contemplates the assessment of a branch bank with reference to the capital which the parent institution invests and uses in running such bank, and such other moneys and credits as the branch may have accumulated in its business.

Whatever may be the form of the assets of the branch, they are subject to taxation as the property of a private banker would be. The notes which were held by the Fonda bank in the latter part of December, 1897, and were transferred to another bank before the first of January, 1898, represented credits growing out of the business transacted by the branch bank. The assets of the branch were not substantially lessened by this transaction, and we cannot see why it should not be assessed on the basis of the ownership of assets of corresponding value. The evidence clearly shows, therefore, that the assessment of the Fonda branch by the board of review on the basis of $40,000 valuation was not excessive, but the trial court found that the true valuation should have been $51,351.07, and fixed the taxable valuation on that basis, thereby increasing the taxable valuation, without regard to the penalty, by $2,824.76. This we think the trial court had no right to do. The matter was brought into court by complaint of appellant against the assessment of the board of review. When the trial court ascertained that this complaint was unfounded, it had nothing to do but to affirm the assessment. No provi-

sion is made for an appeal by the taxing authorities, and no such appeal was attempted. It must be borne in mind that the court, in determining this appeal, is still a court, and not an assessor or taxing board. *Frost v. Board,* 114 Iowa, 103. It was well settled under the statutory provisions in force prior to the present Code, that on such an appeal the court would not increase the assessment of the complaining taxpayer. *Des Moines Water Co.'s Appeal,* 48 Iowa, 324; *German-American Sav. Bank v. City of Burlington,* 54 Iowa, 609. And see *Brown v. Town of Grand Junction,* 75 Iowa, 488. There is nothing in the language of Code, section 1373, to indicate the intention on the part of the legislature to authorize the court to perform any other function than that of determining the correctness of the assessment, with reference to the complaints thereof made by the appealing taxpayer.

Appellant complains of the addition of 100 per cent. to the taxable value of the property of the Fonda branch by way of penalty for refusal to make returns as required by Code, section 1357. But it appears that the proper officer of the Fonda branch was requested and given opportunity to make the returns provided for by law before the assessor's book were closed and refused to do so. This failure could not be remedied by making return to the assessor after the books were closed and placed before the board of review. The penalty was therefore incurred, and properly imposed on the assessment made by the board of review.—MODIFIED AND AFFIRMED.