# FIRST NATIONAL BANK *v.* CITY COUNCIL OF ESTHERVILLE.

## ERROR TO THE SUPREME COURT. OF THE STATE OF IOWA.

No. 64.   Argued December 10,.1909.—Decided January 3, 1910.·

Where the validity of the local statute under which national bank shares are assessed was not·drawn in question, but the only objection in the state court was that the assessment was in excess of actual value, exorbitant, unjust and not in proportion with other like property, no Federal right was set up or denied and this court has no jurisdiction to review the judgment under § 709. Rev. Stat.

Writ of error to review 136 Iowa, 203; dismissed.

THE facts are stated in the opinion.·

*Mr. Charles A. Clark* for plaintiff in error:

The statutes of Iowa, §§ 1305–1322 of the Code, provide a scheme of taxation of banks by which the franchises, good will, good business management, dividend earning power, and United States bonds held as required by law are all included by force of the very statutes themselves, while all of these elements are excluded by force of the same statutes, as to moneyed capital in the hands of individual citizens and invested in the very moneyed institutions which come in competition with national banks.

This discrimination against national banks is clearly not warranted but forbidden by § 5219, Rev. Stat., and renders

the Iowa system of taxing national banks utterly null and void. *San Francisco Nat. Bank* v. *Dodge*, 197 U. S. 70; *Van Allen* v. *Assessors*, 3 Wall. 581; *Bradley* v. *The People*, 4 Wall. 462; *People* v. *Commissioners*, 94 U. S. 418; *People* v. *Weaver*, 100 U. S. 543; *Mercantile Bank* v. *New York*, 121 U. S. 145, 152; *Owensboro Nat. Bank* v. *Owensboro*, 173 U. S. 679, 683; *Hubbard* v. *Board*, 23 Iowa, 145.

There is no power to tax the shares of national banks except as allowed by act of Congress, now § 5219, Rev. Stat. *Home Savings Bank* v. *Des Moines*, 205 U. S. 516; *Owensboro Nat. Bank* v. *Owensboro*, 173 U. S. 668; *People* v. *Weaver*, 100 U. S. 539, 543; *Weston* v. *Charleston*, 2 Pet. 449; *Osborn* v. *Bank*, 9 Wheat. 738; *McCullough* v. *Maryland*, 4 Wheat. 316; *Bank of Albia* v. *City Council*, 86 Iowa, 36, 37.

The assessor, the board of equalization, and the courts of Iowa, are no less bound to keep within the sole warrant of authority for taxing national bank shares than the legislature itself.

The objections of plaintiffs in error before the board that the proposed taxation was "exorbitant and unjust," and that the valuation of shares could not exceed the value of assets, as in the case of state banks, moneyed institutions and private banks and bankers, raised, *ex vi termini*, questions as to the validity of the Iowa statutes under § 5219, Rev. Stat.

These objections were all urged before the District and Supreme Courts. The courts were bound to take judicial notice of the Federal and state statutes, authorizing the taxation complained of, as "matters of which judicial notice is taken need not be stated in a pleading." Code, § 3632.

The Supreme Court of Iowa knew perfectly well that the system of taxation of which plaintiffs in error complained was wholly void under § 5219, Rev. Stat. *Hubbard* v. *Board*, 23 Iowa, 145. And see *Bank* v. *Dodge*, 197 U. S. 70.

The exercise of jurisdiction by this court to protect constitutional rights cannot be declined when it is plain that the

fair result of a decision is to deny the rights. *Rogers* v. *Alabama*, 192 U. S. 230; *Smithsonian Institution* v. *St. John*, 214 U. S. 279.

The same rule applies to rights arising under statutes of the United States enacted to protect constitutional rights as in the present instance. *Chapman* v. *Goodnow*, 123 U. S. 540, 548; *Navigation Co.* v. *Homestead Co.*, 123 U. S. 552; *McCullough* v. *Virginia*, 172 U. S. 117; *M., K. & T. Ry. Co.* v. *Elliott*, 184 U. S. 530, 534; *Arrowsmith* v. *Harmoning*, 118 U. S. 194; *Chicago Life Ins. Co.* v. *Needles*, 113 U. S. 574; *People* v. *Hoffman*, 7 Wall. 16; *Williams* v. *Weaver*, 100 U. S. 547; *Waite* v. *Dowley*, 94 U. S. 527; *Swope* v. *Leffingwell*, 105 U. S. 3.

The jurisdiction cannot be defeated by showing that the record does not in direct terms refer to statutory or constitutional provision, nor expressly state that a Federal question was presented. The true jurisdictional test is whether it appears that such a question was decided adversely to the Federal right claimed. *Murray* v. *Charleston*, 96 U. S. 432, 441; *Crowell* v. *Randall*, 10 Pet. 368; *Eureka Co.* v. *Yuba County Court*, 116 U. S. 410.

The contention of plaintiffs in error arises under clause 2 of § 709, Rev. Stat., and hence need not be set up and claimed with the particularity required under clause 3. *Water- Power Co.* v. *Street Railway Co.*, 172 U. S. 487; *Chapman* v. *Goodnow*, 123 U. S. 527, 548.

Where the Federal question arises upon the record, this court has jurisdiction to review, although the state court evades a decision of that question upon the ground that it was not argued either orally or in print as its decisions required, in order to have the Federal question there passed upon. *Des Moines Nav. Co.* v. *Iowa Homestead Co.*, 123 U. S. 554; *Deposit Bank* v. *Frankfort*, 191 U. S. 518, 519.

The Iowa scheme for taxation of national banks is null and void upon its face. *Home Savings Bank* v. *City of Des Moines*, 205 U. S. 503; *San Francisco Nat. Bank* v. *Dodge*, 197 U. S. 80.

Under their general prayer for relief, plaintiffs in error are ·entitled to have the illegal assessments wholly annulled and set aside.  *Oteri* v. *Scalzo,* 145 U. S. 578; *Tyler* ·v. *Savage,* · 143 U. S. 79; *Jones* v. *Van Doren,* 130 U. S. 684.

Iowa decisions are to same effect. · *Pond* v. *Waterloo &c. Works,* 50 Iowa, 596; *Hoskins* v. *Rowe,* 61 Iowa, 180; *Laverty* v. *Sexton,* 41 Iowa, 435; *Herring* v. *Neely,* 43 Iowa, 157; *Hait* v. *Ensign,* 61 Iowa, 724.  .

*Mr. Byron M. Coon* for defendant in error.

Mr. CHIEF JUSTICE FULLER delivered the opinion of ·the · :ourt:

. This was an appeal under § 1373 of the Code of Iowa from. the action of the members of the city council .of the· city of Estherville, Iowa, sitting as a board of equalization and review, in fixing the assessed value of the shares of stock in the plaintiff bank for the year 1906. . The shares of stock in the plaintiff bank were assessed by the assessor on the .basis of· the book or assessed value obtained by adding the· capital, surplus and ·undivided profits of the bank and dividing the sum total by the number of shares of capital stock to ascertain the value of .one share, a proper deduction having been made . .. on account of real estate owned by the· bank.  The Board of Review and.Equalization raised the assessed valuation ·of the shares to $130 per share.  The bank and its shareholders appeared before the Board and objected to its action and to the valuation fixed by them as being in excess of the actual value, . and exorbitant and unjust.  The bank contended that the · stock was not assessed and valued in proportion to other like personal property in the city of Estherville, but was grossly in excess thereof, and constituted unfair and unequal taxation, and that the taxable value of the shares of the stock in the bank should be found as the assessor had previously found it.  But the Board adhering to its own judgment, plaintiffs perfected an appeal to the District Court of Emmett County,

Iowa. In that court plaintiffs filed a pleading containing a recital of the facts and demanding relief, and reiterating the same contention as made below and the same claim as to the proper manner to arrive at the assessable valuation of said shares of stock. Answer was filed in behalf of the Board, wherein it was denied that the assessment as raised was unjust, and asserted that the market value was the proper criterion for valuation, and that the actual and market value of the stock in question was even greater than that fixed in the raised assessment. It was also denied that the assessment was unfair as related to the assessment on other like property.

The District Court sustained the action of the Board of Review, whereupon the case was appealed to the Supreme Court of Iowa, which affirmed the decree of the District Court. *First Nat. Bank* v. *Estherville*, 136 Iowa, 203. In the Supreme Court it was contended for the first time that the action of the Board worked a violation of § 5219 of the United States Revised Statutes, touching upon state taxation of National Bank shares. Because of the fact that such matter was not presented to the Board or suggested on the trial in the court below, the Supreme Court refused to entertain the question. What the court said was this (p. 206):

"In doing so we shall first dispose of a matter of contention brought forward for the first time in argument in this court. This contention is through the action of the defendant board as complained of, there was worked a violation of § 5219 of U. S. Revised Statutes, having to do with the subject of state taxation of national shares. As confessedly such matter was not presented to the board, or suggested on the trial in the court below, we cannot give consideration thereto on merits in this court. And this is to follow our repeated decisions bearing on the subject. *Railway Co.* v. *Cedar Rapids*, 106 Iowa, 476; *Trust Co.* v. *Fonda*, 114 Iowa, 728."

And further (p. 208):

"On appeal to the District Court the statute (Code, § 1373) provides for a hearing as in equity. This, however, is not to

be construed as clothing the court with jurisdiction to sit as an assessing tribunal. *Frost* v. *Board*, 114 Iowa, 103; *Farmers' &c. Co.* v. *Fonda*, 114 Iowa, 728."

We are met at the threshold by a motion to dismiss for want of jurisdiction. It was ruled in *Tyler* v. *Judges of Registration*, 179 U. S. 405, 408, that although "it is true that under the third clause of § 709, Rev. Stat., where a title, right, privilege, or immunity is claimed under Federal law, such title, etc., must be 'specially set up or claimed' and that no such provision is made as to cases within the second clause, involving the constitutionality of state statutes or authorities, but it is none the less true that the authority of such statute must 'be drawn in question' by some one who has been affected by the decision of the state court in favor of its validity, and that in this particular the three clauses of the section are practically identical."

In order to give this court jurisdiction of a writ of error to the highest court of a State in which a decision could be had it must appear affirmatively that a Federal question was presented for decision, that its decision was necessary to the determination of the cause, and that it was actually decided or that the judgment rendered could not have been given without deciding it.

The only complaint made before the reviewing board and the District Court was that the assessment was in excess of the actual value of such stock and exorbitant and unjust, and that the taxable value thereof should be no greater sum than is obtained by adding the capital, surplus and undivided profits of said bank, subtracting therefrom the amount of the bank's capital invested in real estate, and dividing the remainder by the number of its shares of capital stock to obtain the true assessable value of one share of stock; also that "said stock is not assessed and valued in proportion to other like personal property in the city of Estherville, but is grossly in excess thereof, and unfair to these appellants and is unequal taxation."

These were not Federal questions: No mention of the national banking act was made, nor any right or privilege claimed under it, nor were the provisions of the Revised Statutes invoked by name or otherwise. There was no assertion of an issue in the case claiming the local statutes to be in conflict with or repugnant to the terms of § 5219 of the Revised Statutes, or the Constitution of the United States. Plaintiffs filed a written pleading in the District Court, in which they set out all proceedings leading up to the appeal and the grounds for their complaint against the action of the equalization board, and when the case went to trial filed an amendment, alleging the additional grievance of inequality.

Section 1322 of the Iowa Code reads as follows:

"National, state and savings banks.—Shares of stock of national banks shall be assessed to the individual stockholders at the place where the bank is located. Shares of stock of state and savings banks and loan and trust companies shall be assessed to such banks and loan and trust companies and not to the individual stockholders. At the time the assessment is made, the officers of national banks shall furnish the assessor with a list of all the stockholders and the number of shares owned by each, and he shall list to each stockholder under the head of corporation stock the total value of such shares. To aid the assessor in fixing the value of such shares, the corporations shall furnish him a verified statement of all the matters provided in the preceding section, which shall also show, separately, the amount of capital stock, and the surplus and undivided earnings, and the assessor, from such statement and other information he can obtain, including any statement furnished to and information obtained by the auditor of state, which shall be furnished him on request, shall fix the value of such stock, taking into account the capital, surplus and undivided earnings. In arriving at the total value of the shares of stock of such corporations, the amount of their capital actually invested in real estate owned by them and in the shares of stock of cor-

porations owning only the real estate (inclusive of leasehold interest, if any) on or in which the bank or trust company is located, shall be deducted from the real value of such shares, and such real estate shall be assessed as other real estate, and the property of such corporations shall not be otherwise assessed."

But the court held that the assessor need not rely entirely upon the statements which the bank is required by the section to furnish, but might take into consideration other information he might obtain, and, construing that section in connection with § 1305 of the Code of Iowa reading, "All property subject to taxation shall be valued at its actual value. . . . Such assessed value shall be taken and considered as the taxable value of such property, upon which the levy shall be made. Actual value of property as used in this chapter shall mean its value in the market in the ordinary course of trade," found that the shares should be assessed at their market or sale values, and then the court proceeded to ascertain, on the facts, whether the shares were taxed at more than their market value and whether, at a greater rate in proportion to the value of other like personal property.

If plaintiffs in error believed that the local statute was unconstitutional and invalid because of conflict with the Federal Constitution or statute, they could and should have said so, but the validity of the act was nowhere specifically drawn in question.

*Writ of error dismissed.*