IN RE ASSESSMENT OF SIMMONS WAREHOUSE COMPANY.

SIMMONS WAREHOUSE COMPANY, Plaintiff, Appellee, v. BOARD OF REVIEW OF SIOUX CITY, Defendants, Appellants.

No. 45397.

OCTOBER 15, 1940.

J. M. Gunnell and M. M. Lothrop, for plaintiff, appellee.

V. O. DeWitt, Ralph W. Crary, Jesse E. Marshall, and Ralph C. Prichard, for defendants, appellants.

MITCHELL, J.—The Simmons Warehouse Company, the owner of certain real estate located in Sioux City, Iowa, before the adjournment of the Board of Review for the year 1939, filed written objections to the assessment against its property for the year 1939. The Board of Review for the City of Sioux City refused to reduce the assessment against the property described in the objections, and the Simmons Company appealed to the district court of Woodbury county, where after a hearing the value of the property was reduced from $165,000 to $115,000.

The Board of Review of Sioux City being dissatisfied has appealed to this court.

The property involved in this case is known as the Simmons Warehouse property, and is located at the southwest corner of Fourth and Water Streets, Sioux City, Iowa.

The building thereon consists of four stories with a basement and one annex, and is of heavy mill construction. There is railroad trackage through the middle of the building from north to south, over which trackage the third and fourth floors are built. It is in fair physical condition, needing some minor repairs. There are about 150,000 square feet of floor space in the entire building.

In the year 1927 this building was assessed by the assessor at $175,000 and the ground at $52,000. No objection was made to that assessment. In 1929 and 1931, it was again assessed at the same figure, and no objection was made. In 1933 the building was assessed at $144,800 and the ground at $42,000. This was a reduction of 20 percent over the previous assessment, and was in line with general reductions put into effect at that time. As the result of an appeal to the state board of assessment and review in 1934, the assessed value of the building was reduced from $144,800 to $123,000, and no change was made on the ground value.

The present and last assessment on the building and ground was for the year 1937 and was $123,000 for the building and $42,000 for the ground. There was no appeal from the 1937 assessment until the present one in 1939.

There is of course, as there always is, a marked difference in the values placed upon the property involved by the experts for the different parties, but we do not find it necessary to consider this question.

It is the contention of the appellants that the trial court erred in not holding that there was no authority in the year 1939 to change the assessment made in the year 1937, in the absence of some showing of a change in value since the 1937 assessment.

It must be kept in mind that the value was fixed in 1937, and no objection was made by the appellee (the taxpayer) to the assessment in the year 1937 or in the year 1938.

Section 6959, Code of 1935, provided for the assessment of land every 4 years. Prior to the enactment of that section real estate had been assessed every 2 years.

The Forty-fifth General Assembly by the enactment of chapter 119 gave the local board of review the right to review assessment of real estate in any year under certain conditions. The Forty-seventh General Assembly by amendment [chapter 188, sections 1, 2 and 3] gave to the taxpayer the right to initiate the inquiry under certain conditions.

Code section 7129.1, 1939 Code, reads as follows:

"7129.1. Revaluation and reassessment of real estate. In any year after the year in which an assessment has been made of all the real estate in any taxing district, it shall be the duty of the local board of review to meet at the times provided in section 7129, and where it finds the same has changed in value, to revalue and reassess any part or all of the real estate contained in such taxing district, and in such case, it shall determine the true value thereof, and any aggrieved taxpayer may petition for a revaluation of his property, but no reduction or increase shall be made for prior years. If the assessment of any such property is raised, or any property is added to the tax list by the board, the clerk shall give notice in the manner provided in section 7131, provided, however, that if the assessment of all property in any taxing district is raised the board may instruct the clerk to give immediate notice by one publication in one of the official newspapers of said county, and such published notice shall take the place of the mailed notice provided for in section 7131, but all other provisions of said section shall apply. The decision of the local board as to the foregoing matters shall be subject to appeal to the district court within the same time and in the same manner as provided in section 7133."

The obvious purpose of the legislature in enacting the above-quoted section was for the purpose of permitting a change in an assessment, "In any year after the year in which the assessment has been made", but the legislature limited the change to a situation "where it finds the same is changed in value".

It is the duty of the court to give effect to the language

of the statute and the words, "where it finds the same has changed in value", can only be construed as a limitation upon the enlarged jurisdiction of the Board of Review to make changes in assessments "In any year after the year in which an assessment has been made".

In the case at bar the taxpayer acquiesced in the assessment for 2 years. It would be absurd to hold that the original assessment became final by failure to object to it and appeal from it during the year in which it is made, and still hold that it may be challenged 2 years later, without showing it has changed in value.

In accordance with Code section 7129.1, 1939 Code, a taxpayer after the year 1937 may petition for a change in the assessment, if, and only if, he is able to show that the value has changed since that year. It is a condition precedent to any inquiry that it be shown that the valuations have changed since the assessment year.

The appellant attempts to get around this by showing that the assessment was changed by the Board of Review, on three or four buildings in Sioux City, namely the Pratt-Mallory Building, the New Orpheum Building and the Warrior Hotel. However, all three of appellee's expert witnesses as to value testify that there has been no material change in the value of the property involved in this case since 1937. The change in value must not be of some other property, but of the property involved in the appeal.

It necessarily follows that the lower court erred in reducing the assessment.—Reversed and remanded.

RICHARDS, C. J., and HAMILTON, STIGER, HALE, BLISS, SAGER, and MILLER, JJ., concur.