COMMERCIAL MERCHANTS NATIONAL BANK AND TRUST COMPANY, and FARM LANDS, INCORPORATED, Appellees, v. BOARD OF REVIEW OF SIOUX CITY, Appellants.

No. 45412.

FEBRUARY 11, 1941.

Kindig, Faville, Kindig & Beebe, for appellees.

V. O. DeWitt, Ralph W. Crary, J. E. Marshall, and Ralph C. Prichard, for appellants.

BLISS, J.—In the objections which the plaintiffs filed with the Board of Review in the spring of 1939, and which were acted upon about June 9, 1939, they alleged: That they acquired ownership after the assessment of the land in 1937; that the aggregate assessments and taxes paid for that year were respectively $14,320 and $502.32; that the lands were unimproved, rough and largely incapable of cultivation, producing little income, and were nonsalable. Upon denial of any relief, they perfected an appeal from said action of the Board to the district court of Woodbury county, and filed their petition therein, alleging the matters

above set out, and in addition that the land was located at the extreme eastern limits of the city, far removed from any business district, without the benefit of police or fire protection or of roads; that the property is in one tract and has not been and cannot well be laid off into lots of ten acres or less, or sold for residence purposes; that it has no other use whatsoever, except for agricultural purposes and it is only so used; and that the assessment complained of is out of proportion to the assessments on other property similarly situated. The prayer of the petition asked for an order fixing the fair and reasonable value of the land for the purposes of taxation, and that the assessment as confirmed by the Board be modified in accordance with the order of the court. General equitable relief was prayed.

Defendants filed answer praying for the dismissal of the petition and denying the allegations generally, and specifically that the 1937 assessment of the property had been changed or increased, or that plaintiffs have been aggrieved by any act of the Board or of any public official with respect to the assessment, and averring that the assessment and the action of the Board was in conformity with the laws of Iowa.

Later the plaintiffs filed an amendment to their petition alleging that the land was assessed on a basis of 36.965 mills, which includes a large number of items that are invalid and void, and for which the land was not subject to taxation, and praying that the land be decreed not subject to taxation on such millage, but only for road and library purposes.

The matters alleged were in substance admitted by stipulation, subject to the objection of defendants that they were beyond the issues alleged or presented to the Board, and were not in issue under the pleadings, nor triable on the appeal. It also appeared that the plaintiffs held a mortgage on the land for a number of years prior to their obtaining deed to it on February 25, 1938, as a result of foreclosure proceedings. The evidence established the allegations of the petition and amendment generally, and that in 1938 there were about 120 acres of the land in corn and 40 acres in oats. The gross income per acre in 1938 and 1939 was respectively $2.44 and $5.19, and the taxes per acre for 1938 were $3.30. The assessed valuation for 1937 averaged $89.50 an acre. The first objection

filed to the 1937 assessment was in 1939. There was testimony by qualified witnesses that the land was worth from $45 to $50 an acre in the winter of 1938 and 1939 and subsequently. These witnesses also testified that there had been a gradual decline in the value of this and similar land since 1936. As one witness put it: "The market is poorer every day. There has been a little gradual slipping in values." Another witness testified: "The price of No. 3, No. 4 or No. 5 farms has been getting less each year. I classify this as a No. 3 or No. 4 farm." In our judgment, the record shows a substantial decline and change in the value of this land in 1938 and 1939 from its value as shown by the assessment in 1937, and that the reduction in the assessed valuation of $1,000 on each 40-acre tract, or a total reduction of $4,000 for the 160 acres, as decreed by the trial court has substantial support in the record, and to that extent the decree is affirmed. Code section 7129.1 expressly provides that there can be no revaluation nor reassessment by the Board in any year subsequent to the year of assessment unless a change in the value of the particular property complained of since the year of assessment has been established. This is the holding in Simmons Warehouse Co. v. Board of Review of Sioux City, 229 Iowa 191, 294 N. W. 286.

With respect to the millage reduction, we find that this matter was not properly before the trial court. That proceeding was an appeal from the action of the Board of Review. There was no allegation in the application or objections filed with the Board respecting the millage levied on the land, or the items thereof. Neither was there any evidence introduced at the hearing before the Board with reference to any such matter. No action was taken by the Board thereon. Code section 7134 provides that the court on appeal shall hear and determine anew "all questions arising before the board." See City of Marion v. National Loan & Investment Co., 122 Iowa 629, 98 N. W. 488; Barhydt v. Cross, 156 Iowa 271, 276, 136 N. W. 525, 527, 40 L. R. A., N. S., 986, Ann. Cas. 1915C, 792; Farmers Loan & Trust Co. v. Town of Fonda, 114 Iowa 728, 732, 87 N. W. 724, 725; and Gibson v. Cooley, 129 Iowa 529, 105 N. W. 1011.

The decree appealed from is, therefore, affirmed as to the re-

duction in the assessment, and it is reversed as to the reduction in millage, and the district court is directed to enter decree in conformity herewith.—Affirmed in part and reversed in part.

CHIEF JUSTICE and all JUSTICES concur.