K. I. MILLER, Appellee, v. BOARD OF REVIEW OF SIOUX CITY, Appellants.

No. 45547.

JUNE 17, 1941.

Sam Abramson and Sam Pickus, for appellee.

Ralph W. Crary, V. O. DeWitt, J. E. Marshall, and Ralph C. Prichard, for appellants.

MILLER, J.—The plaintiff is now the owner by purchase of certain real estate in Sioux City, Iowa. In 1937, the property was assessed for taxation upon a valuation of $25,600. In October,

1937, plaintiff purchased the property for the sum of $12,000. In 1939, he petitioned the Board of Review for a revaluation of the property asserting five grounds therefor, to wit, "1. That said assessment is in excess of the actual value of said property. 2. That said assessment is excessive and inequitable. 3. That said assessment is excessive and out of proportion to other property in the same taxing district. 4. That since the preceding assessment there has been a decline in property values. 5. That said property has declined in value." The Board of Review denied him relief and he appealed to the district court. Trial was had. The court entered a decree, reducing the assessment valuation to $16,000 for the year 1939. The Board of Review appeals to this court.

Appellants' only assignment of error is stated thus, "The Court erred in reducing the assessment for the reason that the evidence wholly failed to show any material change in value between the year 1937, when the assessment was made, and the year 1939, when it was first challenged." Appellants' principal reliance for a reversal is upon our recent decision in the case of Simmons Warehouse Co. v. Board of Review, 229 Iowa 191, 194, 294 N. W. 286, 288, wherein we state:

"In the case at bar the taxpayer acquiesced in the assessment for 2 years. It would be absurd to hold that the original assessment became final by failure to object to it and appeal from it during the year in which it is made, and still hold that it may be challenged 2 years later, without showing it has changed in value."

Appellee, on the other hand, relies upon our recent decision in the case of Commercial Bank & Trust Co. v. Board of Review, 229 Iowa 1081, 1084, 296 N. W. 203, 204, wherein we state:

"In our judgment, the record shows a substantial decline and change in the value of this land in 1938 and 1939 from its value as shown by the assessment in 1937, and that the reduction in the assessed valuation of $1,000 on each 40-acre tract, or a total reduction of $4,000 for the 160 acres, as decreed by the trial court has substantial support in the record, and to that extent the decree is affirmed."

Both of the cases above quoted from involved decisions of the Board of Review of Sioux City, appellants herein. It will be noted that relief was denied the taxpayer in the first case because there was no showing that the property had changed in value, whereas relief was granted in the second case because there was a showing of a change in value. Appellee herein asserts that there was a change in the value of his property. There was substantial evidence to support the assertion. The court below found that the property "has declined in value since the assessment made in the year 1937." We see no occasion to disturb such finding.

Appellants do not complain of the valuation fixed by the court. Their only complaint is in reference to the right of the court to act. The decree has ample support in the record. Accordingly, we find no merit in the contentions of appellants herein.

A motion to dismiss, submitted with the case, requires a determination of disputed questions of fact. In view of our conclusion that there is no merit in appellants' contentions on the merits of the case, we have given them the benefit of the doubt on the facts involved in the motion to dismiss. The motion is overruled.

By reason of the foregoing, the decree is affirmed.—Affirmed.

HALE, C. J., and STIGER, SAGER, GARFIELD, WENNERSTRUM, OLIVER, and BLISS, JJ., concur.