EQUITABLE LIFE INSURANCE COM-
PANY OF IOWA, Appellant,

v.

BOARD OF REVIEW OF the CITY OF
DES MOINES, Iowa, Appellee.

No. 2–58356.

Supreme Court of Iowa.

April 20, 1977.

John R. Mackaman and F. Richard Ly-
ford, Dickinson, Throckmorton, Parker,
Mannheimer & Raife, Des Moines, for ap-
pellant.

Allan A. Herrick and Jeffrey E. Lamson,
Herrick, Langdon, Belin, Harris, Langdon &
Helmick, Des Moines, for appellee.

Heard before MOORE, C. J., and MA-
SON, UHLENHOPP, HARRIS and
McCORMICK, JJ.

HARRIS, Justice.

Equitable Life Insurance Company (Equi-
table) brought this action to protest the
1974 property tax assessment of the Equita-
ble Building. The petition alleged the
board of tax review of Des Moines, Iowa
(the board) improperly affirmed the assess-
ment. The district court affirmed the ac-
tion of the board. On Equitable's appeal
we affirm the district court.

Equitable owns a 19 story brick veneer
office building located in the Des Moines
central business district known as the Equi-
table Building. It was built in 1923. The
property was valued for property tax pur-
poses for the four year period from 1971
through 1974.

The director of revenue ordered all prop-
erty in Des Moines reassessed for 1973 and
1974. In the reassessment the Equitable
Building was appraised at $4,114,340.

Equitable did not appeal in 1973 but abid-
ed by the reassessed valuation. Equitable
waited and protested the assessment for
1974. In the protest Equitable alleged the
property's value had declined since 1973 and
that its present value was $2,915,000 in-
stead of $4,114,340.

At the hearing before the board Equitable offered testimony of two disinterested expert witnesses. One testified the value of the building on January 1, 1974 was $2,650,000, the other testified the value was $2,915,000. No other evidence was taken by the board. Nevertheless the board upheld the assessor's valuation.

After Equitable appealed to district court, the board, by written interrogatories, was asked to identify witnesses whose evidence was considered by the assessor. The board responded " * * * under Code § 441.21 * * * plaintiff or complainant and not [the board] has the burden of proof." In another interrogatory Equitable asked whether the board considered Equitable's expert witnesses, Arthur J. Frahm and P. M. Work, to be competent and disinterested. In responding the board said the two were competent and disinterested " * * * to the extent that a hired expert can be disinterested."

Thereafter Equitable amended its petition to claim: (1) the board had received testimony of two disinterested witnesses showing the market value of the property was less than the assessed value; (2) by offering evidence of the two disinterested witnesses Equitable had shifted the burden of proof to the assessor; and (3) Equitable was entitled as a matter of law to a determination the fair market value of the property was not greater than the higher of the two appraisals offered.

In answering the board pointed out an assessment appeal is triable de novo in district court and asserted any statements made to the board by Equitable's witnesses were not under oath and were in no way binding upon the board.

The district court found Equitable failed to show the value of the property decreased between January 1, 1973 and January 1, 1974 and affirmed the decision of the board.

■ I. Since this is a protest of an interim tax assessment, Equitable can only succeed by proving a change in value of the assessed property. Section 441.35, The Code, § 441.37, The Code, *Power v. Regis,*

220 N.W.2d 587, 591 (Iowa 1974); *James Black Dry Goods v. Board of Review,* 260 Iowa 1269, 1278, 151 N.W.2d 534, 539–540 (1967); *Simmons v. Board of Review,* 229 Iowa 191, 193, 294 N.W. 286, 288 (1940). The question is what Equitable must show to prove such a change. The nub of the controversy is Equitable's use of the board's January 1, 1973 valuation in attempting to show a change of value. Equitable argues a change is shown by comparing the board's January 1, 1973 assessment and the experts' testimony of the value a year later. There is no other evidence of the property's value at the beginning of the period in question. The board argues Equitable must prove the actual value of the property as of January 1, 1973 in order to show a change in value. The board argues Equitable cannot rely on the figure at which the property was assessed.

Superficially there is a certain attraction in Equitable's argument. It seems logical to argue a taxing authority cannot avoid an *accurate* interim year assessment by claiming the *actual* assessment was erroneous. But this is not a fair statement of the board's position.

The board points out the statutory question is whether valuation has *changed.* An assessed valuation, even at best, is a consensus estimate based on informed judgments. Those estimates will obviously vary from one expert to another. Plaintiff's two experts differed considerably in their estimates as to the January 1, 1974 valuation. Either or both of plaintiff's experts, had they been asked, might have been of the opinion the January 1, 1973 assessed valuation was similarly set too high.

■ We do not think Equitable made a showing of any *change* where its two witnesses testified only as to final valuation. In order to make such a showing it would be necessary to show both the beginning and the final valuation. The assessed valuation cannot be used for this purpose. The record is left without a necessary element of the equation. We know what Equitable's experts thought the concluding valuation was; but we have no way of knowing

what they believed the opening valuation was. This was insufficient to show a change.

Our cases support the board's theory. See *Power*, supra, 220 N.W.2d at 591–592; *Black's Dry Goods*, supra, 260 Iowa at 1276–1278, 151 N.W.2d at 538–539; *Simmons*, supra, 229 Iowa at 194, 294 N.W. at 288.

It is not enough for a taxpayer to prove the last regular assessment was wrong; such a showing would be sufficient only in a year of regular assessment. To hold otherwise would be to remove the time constraints governing protests of regular assessments. § 441.37, The Code.

█ Evidence relative to obsolescence and construction of new and competing office buildings does not necessarily show a decline *during 1973* in the value of Equitable's property. The record does not show any decline in value. The trial court was right in so holding.

II. Equitable raises two other assignments which are rendered moot by what we have said. It is not necessary to consider Equitable's claim the trial court improperly considered evidence presented for the first time in district court. Because Equitable's showing before the board was insufficient to show any change this contention could be of no advantage to Equitable. We do not suggest merit in the contention. See *Weldon v. Zoning Bd. of City of Des Moines*, 250 N.W.2d 396, 400–401 (Iowa 1977); *Trailer City, Inc. v. Board of Adjustment*, 218 N.W.2d 645, 647–648 (Iowa 1974).

It is also unnecessary for us to consider Equitable's contentions as to the fair market value of the Equitable Building. The question is moot because Equitable has failed to show the value of the property changed.

AFFIRMED.