H. E. BATESON, Appellant, v. HARDIN COUNTY, Appellee.

**TAXATION:** Assessment—Subsequent Loss of Buildings. After the value of a tract of real estate has been finally determined in an odd year for taxation purposes, the board of supervisors has no jurisdiction to change it because of the subsequent loss by fire of buildings thereon.

Headnote 1: 37 Cyc. p. 1019.

*Appeal from Hardin District Court.*—E. M. McCALL, Judge.

MARCH 17, 1925.

PETITION for writ of mandamus, to require the board of supervisors of Hardin County to reduce the taxable value of property. From an adverse ruling on a demurrer, plaintiff appeals.—*Affirmed.*

*Lundy, Peisen & Soper,* for appellant.

*Albert Steinberg,* for appellee.

ALBERT, J.—The substance of the plaintiff's petition is that, on and prior to the 21st day of August, 1921, one Gilman H. Wisner and two others were the owners of one lot in the city of Eldora, on which was located a three-story building known as the Wisner Opera House. On the last named date, the building was destroyed by fire, and the owners collected the insurance thereon. On the 6th day of December, 1921, the plaintiff herein purchased the aforesaid lot. Subsequent thereto, he made application to the board of supervisors to reduce the valuation upon said lot, on account of the building's having been previously destroyed by fire; and the board of supervisors refused to act, claiming that they were without jurisdiction.

Plaintiff prays for a writ of mandamus against the board of supervisors, requiring them to assume jurisdiction of the matter, and requiring them to reduce the taxes and assess valuation of said building for the year 1922 and cause division to be made on the treasurer's books, reducing the valuation for the year 1922, and making a corresponding reduction of tax due upon the premises.

Subsequently, by amendment, the plaintiff adds that all taxes referred to in plaintiff's petition for the year 1922, for which a judgment and remission is asked, have been paid in full, and adds to the prayer that the board of supervisors be required to take jurisdiction over his application and proceed to the determination of the proper amount of remission to which he is entitled. To this petition the defendant filed a general equitable demurrer. The record is quite silent as to whether or not the demurrer was, by agreement, made to apply to the amendment or not, because it was filed some two months before the amendment was filed. While the record shows that the demurrer was submitted and overruled, this seems to have been a misprint in the abstract, and appellant concedes that the demurrer was sustained; and we shall so treat it.

It is to be noted that the title of this case is Bateson v. Hardin County. Neither the board of supervisors, county auditor, nor county treasurer is named as party defendant, either in the title of the case or in the petition; and so long as this is an action asking for a mandamus against the board of supervisors,

it might at least have been wise to make them party defendants; but, as this question is not argued, we will pass it.

The fundamental question for determination in this case is whether or not the board of supervisors has jurisdiction, under the statutes of this state, to do what the plaintiff asks this court to compel them to do by a writ of mandamus. So far as we have been able to discover, there are but two sections of the Code that have any bearing on this proposition. The first section is Section 1307 of the Code of 1897, which reads as follows:

"The board of supervisors shall have power to remit in whole or in part the taxes of any person whose buildings, crops, stock or other property has been destroyed by fire, tornado or other unavoidable casualty, if said property has not been sold for taxes, or if said taxes have not been delinquent for thirty days at the time of the destruction. But the loss for which such remission is allowed shall be such only as is not covered by insurance."

The other section is Section 1350 of the Code of 1897, which reads as follows:

"Property shall be taxed each year, and personal property shall be listed and assessed each year in the name of the owner thereof, on the first day of January. Real estate shall be listed and valued in each odd-numbered year, and in each year in which real estate is not regularly assessed the assessor shall list and assess any real property not included in the previous assessment, and also any buildings erected since the previous assessment, with a minute of the tract or lot of land whereon the same are situated, and the auditor shall thereupon enter the taxable value of such buildings on the tax list as a part of the real estate to be taxed * * *."

It is conceded by the appellant that there is nothing in either of the sections above quoted which determines the question involved; but it is argued that, these sections of the Code being read together with the general theory of the tax law of the state, such a condition exists here as that, under the theory and policy of the state, plaintiff ought to have relief.

In the first section above quoted is a provision to remit taxes to any person whose buildings, etc., have been destroyed by fire; but the section especially provides that it is applicable

only when the property was not covered by insurance. It is admitted in this case that the property was covered by insurance, and therefore this section would have no application.

Section 1350, above quoted, provides that real estate is to be listed and valued in the odd-numbered years, and that, in the event buildings are constructed in the intervening time between the dates of the fixing of the valuation of the real property, the added value may be entered on the tax list; but there is no provision in this section for the reduction of the value so placed, under any circumstances.

A careful search of the authorities cited by counsel on either side, together with a separate investigation by this court, uncovers no authority whatever, touching this identical question; and it therefore must be a case of first impression.

The powers of the board of supervisors are marked out by statute, and they possess no powers except those given by statute, and those incidentally necessary to carry out the duties put upon them. It has been the policy of the state to revalue real estate in the odd-numbered years; and this valuation so placed upon the property is final, unless appealed from. There is no provision for a reduction of the valuation under any circumstances. The section of the Code first quoted does provide that, in case of destruction of the property by fire, a rebate may be made on the taxes. This is as far as the legislature has gone; and while, in the instant case, it is an injustice to this plaintiff to require him to pay the taxes on this lot on the valuation fixed when it was occupied by a three-story opera house, when it is now vacant, yet there has been no power conferred upon the board of supervisors to relieve him from this situation. As this matter rests wholly with the legislature, we do not deem it our duty to assume its prerogative. The ruling of the district court is, therefore, affirmed.—*Affirmed.*

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.