GRUNDON HOLDING CORP., Appellant,

v.

BOARD OF REVIEW OF POLK COUN-
TY, Iowa, and Walter T. Potts, Jr.,
Chairman, Appellee.

No. 2–56116.

Supreme Court of Iowa.

Jan. 21, 1976.

Robert E. Dreher and John R. Hearn, Des Moines, for appellant.

J. R. McManus, Des Moines, for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, HARRIS and McCORMICK, JJ.

LeGRAND, Justice.

This is an appeal from judgment assessing plaintiff's real estate for tax purposes for the year 1969. The trial court approved the assessment as made by the assessor and approved by the Board of Review. We reverse.

At all times material to this appeal, § 428.4, The Code, 1966, provided all real estate should be "listed and valued" in 1968 and every four years thereafter. The years between these quadrennial valuation years are commonly referred to as interim years.

This appeal concerns the valuation of plaintiff's property for the interim year of 1969.

Pursuant to the statute already referred to, the assessor fixed the value of plaintiff's real estate at $70,610. The value was broken down as follows: land, $17,880; improvements, $52,730. The improvements consisted of two buildings, one valued at $43,320 and the other at $9,410.

The 1968 assessment was continued for 1969. On March 3, 1969, the building valued at $43,320 was totally destroyed by fire. Plaintiff filed objections with the Board of Review, asking a reduction in the assessment of his real estate because the property had decreased in value as a result of the fire. See § 441.35, The Code. The Board refused to do so, and plaintiff then appealed to the district court. See § 441.38. His appeal was unsuccessful, and he now seeks relief from us. Our review is de novo. *Milroy v. Board of Review*, 226 N.W.2d 814, 816 (Iowa 1975).

Plaintiff concedes the 1968 valuation was correct when made and that it was properly retained as the value for 1969. Defendant, on the other hand, admits fire completely destroyed the building separately valued at $43,320 on March 3, 1969. We are therefore faced with the clear-cut issue as to whether plaintiff is entitled to a reduction of its 1969 assessment on the ground the fire had worked a change in value as contemplated by § 441.35, The Code.

This appeal presents two issues. One concerns the jurisdiction to grant relief under the admitted facts. If that question is resolved in favor of plaintiff, we must then decide if plaintiff is entitled to have the valuation reduced.

I. Although the decree announced as a conclusion of law that the court had jurisdiction, the separate findings of fact contained this:

"[T]he plaintiff-appellant offered in evidence * * * the copy of the protest, but there is no showing in the record that it was ever filed, when the Board of Review adjourned, nor the action taken

by the Board of Review, all of which are essential and requisite to confer jurisdiction to this Court of appeal.

"[T]he taxpayer failed to prove the property was assessed in excess of its actual value or inequitably, and that the Court has no power or jurisdiction to grant the taxpayer any relief in the proceedings, and the assessment as made by the county assessor must be approved and confirmed by this Court."

In view of this apparent inconsistency between the findings of fact and the conclusions of law, we cannot be certain whether the trial court's decision was based on jurisdictional grounds. In any event, this issue was raised in the trial court and is urged here. Defendant is entitled to have it decided.

An appeal from an action of the Board of Review is taken under § 441.38 as follows:

"Appeals may be taken from the action of the board of review with reference to protests of assessment, to the district court of the county in which such board holds its sessions within twenty days after its adjournment. * * * Appeals shall be taken by a written notice to that effect to the chairman or presiding officer of the board of review and served as an original notice."

■ Compliance with this statute is jurisdictional. *Stampfer Bldg. Co. v. Board of Review*, 195 N.W.2d 390, 393–394 (Iowa 1972). Although the record is not entirely clear, we believe there is evidence to support a finding of jurisdiction. We set out the reasons for this conclusion.

At the time in question, the Board of Review was authorized by law to meet from May 1st to May 20th each year to consider protests and objections to assessments. This period could be enlarged if permitted by the director of revenue or if the county was declared a disaster area. *See* §§ 441.33 and 441.37.

Although the record does not affirmatively show an extension under either of these sections, it does disclose defendant Board in fact remained in session beyond the adjournment date fixed in § 441.33. We find this evidence endorsed on the assessor's valuation card, which was introduced as part of plaintiff's case. It includes a notation that plaintiff's protest was denied on June 23, 1969. We find the Board was then still in session.

■ Plaintiff's notice of appeal was delivered to the sheriff on July 10, 1969. Service was completed on July 14, 1969. Even if the Board adjourned on the day the protest was denied, notice of appeal was timely under the statute.

■ Defendant also claims plaintiff failed to establish it served notice of appeal on the proper Board officer under the provision of § 441.38, which directs notice must be served on the chairman or presiding officer of the Board of Review.

Examination of the notice discloses it was directed to Board of Review and Walter T. Potts, Jr., its chairman. Return of service shows personal service on Mr. Potts. The defendant's answer admits Potts' status as chairman of the Board of Review.

There is no merit to defendant's claim.

■ II. We now consider plaintiff's right to a reduced valuation. At the outset, defendant urges plaintiff failed to prove the allegations of his petition that the assessment was "excessive, confiscatory, inequitable, and capricious." The trial court made such a finding.

Once more we are unable to agree with this conclusion. From the start, both before the defendant Board and later on appeal to the district court, plaintiff's sole claim was based on a reduction in the value of his property because of destruction by fire. This is apparent from the protest filed with the Board, which stated:

"That there has been a change downward in value since the last assessment (§ 441.-35, Code of Iowa). On March 3, 1969, fire completely destroyed a structure on the

property. The building was separately assessed in two sections; one portion was valued at $11,200 and one at $32,200 or a total of $43,320."

It is true plaintiff made allegations that the assessment was excessive, confiscatory, inequitable, and capricious but only because the Board refused to consider the destruction of the property as affecting its value. On no other ground did plaintiff challenge the value put on his property.

Plaintiff alleged and proved one of the buildings on the assessed land had been destroyed by fire on March 3, 1969; that the assessor had valued this building at $43,320; and that the assessed property was reduced in value by the amount the destroyed building was worth. Plaintiff says this entitles it to a reduction in the 1969 assessment equal to the value of the destroyed building. Plaintiff relies on § 441.-35, which provides in part:

"In any year after the year in which an assessment has been made of all of the real estate in any taxing district, it shall be the duty of the board of review to meet as provided in section 441.33, *and where it finds the same has changed in value, to revalue and reassess any part or all of the real estate* contained in such taxing district, and in such case, it shall determine the actual value and compute the taxable value thereof, and any aggrieved taxpayer may petition for a revaluation of his property, but no reduction or increase shall be made for prior years." (Emphasis supplied.)

This provision affords a taxpayer a right to protest interim year assessments, as is clear from this provision in § 441.37:

"In addition to the above [specific grounds for protest set out in § 441.37], the property owner may protest annually to the board of review under the provisions of section 441.35 * * *."

We mention parenthetically we are not faced with a casualty loss or other decrease in value occurring *after* the time during which the Board of Review is permitted to consider appeals in interim years.

We hold plaintiff is entitled to a reduction of its 1969 assessment. Unlike the mandate that personal property shall be assessed as of January 1st of each year, § 428.4 makes no such determination for the assessment of real property. When this statute is considered in the light of §§ 441.-35 and 441.37, it is clear the legislature intended to provide a method for changing real estate valuation annually, either up or down, during the period the Board of Review is in session to consider protests.

Support for our conclusion is found in *Black Dry Goods Co. v. Board of Review*, 260 Iowa 1269, 151 N.W.2d 534 (1967). In that case, the taxpayer asserted he was permitted by § 441.37 to protest an interim year's assessment on the same grounds he could have objected during a valuation year. We said this:

"We do not so construe the statute [§ 441.37]. The words 'same manner and upon the same terms' do not refer to the grounds of complaint. They refer to how and when an interim year protest shall be heard. The manner and terms for the protest are set forth in the first part of section 441.37 * * * *The authorized ground for an interim year protest appears in section 441.35, * * *. The only ground applicable to interim years is a change in value.* During an assessment year an individual taxpayer by following the provisions of section 441.37 may protest on any or all of the grounds set forth therein but in interim years the grounds for protest are limited by section 441.35." (260 Iowa at 1277–1278, 151 N.W.2d at 539.) (Emphasis supplied.)

*See also Simmons Warehouse Co. v. Board of Review*, 229 Iowa 191, 193–194, 294 N.W. 286, 288 (1941), where we were considering Code § 7129.1 of the 1939 Code (the pertinent part of which now appears as § 441.35). A taxpayer who had acquiesced in a valuation placed upon a building during an assessment year attempted to object

when the same value was placed on the building two years later. He failed to show a change in value, and we said:

"The obvious purpose of the legislature * * * [was to permit] a change in an assessment, 'in any year after the year in which the assessment had been made', but the legislature limited the change to a situation 'where it finds the same has changed in value'."

While defendant does not deny the destruction of plaintiff's building, it argues no relief is possible for 1969 because the casualty occurred after January 1 of that year. We do not so read the statute. We hold, rather, the statute permits a revaluation for a decrease in value occurring during the period the Board of Review still has authority to act on a protest—in other words, while the Board is still in session.

In the present case, it is manifestly unfair to compel plaintiff to pay real estate taxes on property which was not in existence for almost ten months of the year in question. *Cf. Bateson v. Hardin County*, 199 Iowa 718, 720–721, 202 N.W. 749, 750–751 (1925).

Since the property destroyed was separately valued by the assessor at $43,320, we agree with plaintiff that the assessment for the year 1969 should have been reduced by that amount. This places the assessment for that year at $27,290 rather than $70,610.

■ We have not overlooked § 445.62, The Code, which deals with the discretion of the Board of Supervisors to remit all or part of taxes on destroyed property which is not covered by insurance. That statute deals with the *discretionary* power of the supervisors to remit taxes rightfully due and collectible. It has no application here where plaintiff seeks a change in its assessment *as a matter of right*.

We reverse the judgment and fix the value of plaintiff's real estate for the year 1969 at $27,290. Defendant Board is directed to correct its records accordingly and to certify same to the Board of Supervisors so that plaintiff's tax for 1969 may be recomputed on the basis of the corrected assessment.

Reversed.